UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADESHINA BASHIRU<br><br>Plaintiff,<br><br>-v-<br><br>RADIUS GLOBAL SOLUTIONS LLC<br><br>Defendant. | CASE NO.: 1:19-cv-02945<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Adeshina Bashiru, for her complaint against Radius Global Solutions LLC ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a *et seq.* ("ICFA"), stemming from Defendant's unlawful collection practices as more fully described in this complaint.

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

PARTIES

4.    Plaintiff, Adeshina Bashiru ("Ms. Bashiru"), is a natural adult person residing in Chicago, Illinois, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and ICFA.

5.    Defendant, Radius Global Solutions LLC, is a Minnesota limited liability company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

6.    In its correspondences to consumers, Defendant identifies itself as a "debt collector."

7.    Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

8.    Defendant is a "person" as that term is defined and/or used within the ICFA.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10.    On or around February 5, 2019, Defendant mailed a dunning correspondence to Ms. Bashiru attempting to collect a consumer debt Ms. Bashiru allegedly incurred originally to *American Express* (the "Subject Debt").  A copy of the dunning correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

11.    Ms. Bashiru did not recognize the Subject Debt as belonging to her.

12.    The Collection Letter was the initial communication Ms. Bashiru received from Defendant concerning the Subject Debt.

2

13.    As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Ms. Bashiru pursuant to 15 U.S.C. § 1692g (the "G-Notice"). *See* Exhibit A.

14.    Despite containing the G-Notice, the Collection Letter demanded immediate payment of the Subject Debt from Ms. Bashiru by stating, in relevant part:

> "As of the date of this letter, you owe $3,854.95. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment." *See* Exhibit A.

15.    A detachable payment stub was included with the Collection Letter, and a self-addressed envelope was enclosed with the Collection Letter for Ms. Bashiru to mail her payment to Defendant. *See* Exhibit A.

16.    Defendant's demand for immediate payment from Ms. Bashiru within the Collection Letter overshadowed its disclosure of the G-Notice to her.

17.    In addition, Defendant's representations within the Collection Letter – as cited above in paragraph 14 – are false, deceptive and/or misleading because they created a false sense of urgency that Ms. Bashiru must act quickly to avoid further assessment of "interest, late charges, and other charges" in connection with the Subject Debt. *See* Exhibit A.

18.    Upon information and belief, Defendant was not entitled to assess and/or collect "interest" or "charges" of any kind from Ms. Bashiru in addition to the $3,854.95 principal balance alleged to be owed in the Collection Letter.

19.    After a reasonable time to conduct discovery, Ms. Bashiru believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

20.   Ms. Bashiru was misled by the Collection Letter.

21.   Ms. Bashiru justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment of the Subject Debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

22.   Due to Defendant's conduct, Ms. Bashiru was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23.   Due to Defendant's conduct, Ms. Bashiru is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and g(b)*

24.   All prior paragraphs are incorporated into this count by reference.

25.   The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

"Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

26.    The Collection Letter violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) by creating a false sense of urgency in Plaintiff that Defendant was entitled to collect additional "interest, late charges, and other charges" from Plaintiff in connection with the Subject Debt without authorization and/or justification to do so.  In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the Subject Debt.

27.    The Collection Letter violated 15 U.S.C. §§ 1692e, e(10), f and g(b) by demanding payment of the Subject Debt from Plaintiff within the thirty (30) day grace period afforded Plaintiff under 15 U.S.C. § 1692g and the G-Notice.  In doing so, Defendant's collection activity within the initial thirty (30) days was inconsistent with, and overshadowed, Plaintiff's rights under the FDCPA.  As such, Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

28.    As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of Defendant's collection communications in relation to her rights under § 1692(g) of the FDCPA.

29.    As an experienced debt collector, Defendant knows that its representations to consumers are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.  Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

30.     As set forth in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS § 505/2*

31.     All prior paragraphs are incorporated into this count by reference.

32.     Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

33.     The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

34.     Defendant engaged in unfair and deceptive acts or practices, in violation of 815 ILCS § 505/2, by, *inter alia*: (i) creating a false sense of urgency in Plaintiff by representing that it was entitled to collect "interest, late charges and other charges" in addition to the principal balance stated in the Collection Letter; and (ii) demanding immediate payment from Plaintiff within thirty (30) days of its G-Notice disclosure to her, ultimately overshadowing and acting inconsistently to Plaintiff's rights under the FDCPA.

6

35.    Defendant intended that Plaintiff rely on its unfair, unlawful and deceptive collection activity in order to procure immediate payment of the Subject Debt.

36.    As set forth in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

37.    Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

38.    Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Adeshina Bashiru, respectfully requests that this Court enter judgment in her favor as follows:

a)    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS § 505/10a;

b)    Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c)    Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 815 ILCS § 505/10a;

d)    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

e)    Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 1st day of May, 2019.     Respectfully Submitted,


    */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*


<u>JURY DEMAND</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC